UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00094-HBB

AMY S.[1]                                                         PLAINTIFF

VS.

FRANK BISIGNANO
COMMISSIONER SOCIAL SECURITY[2]                                  DEFENDANT

MEMORANDUM OPINION
AND ORDER

I.      BACKGROUND

Before the Court is the Complaint (DN 1) of Amy S. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Plaintiff filed an opening brief (DN 15), Defendant filed a brief in response (DN 21), and Plaintiff filed a brief in reply (DN 22).   Additionally, Plaintiff has filed a Motion to Remand Under Sentence Six (DN 7), a Superseding Motion to Remand Under Sentence Six (DN 9), a Motion to Expedite Decision (DN 16), a Supplemental Motion to Expedite (DN 17), a Supplemental Statement in Support of On-the-Record Decision (DN 18), Supplemental Notice of Financial Hardship and Renewed Request for Expedited On-The-Record Decision (DN 19), and a Supplemental Notice of Worsening Medical and Financial Hardship (DN 23).   For the reasons that follow, Plaintiff's motions to remand under sentence six (DN 7, 9), motions to expedite (DN 16, 17, 19), and his requests for an on-the-record decision pursuant to sentence four (DN 18, 19, 22, 23) are **DENIED**, and the final decision of the Commissioner is **AFFIRMED**.

_____

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
2 Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered September 16, 2025 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

## II.    <u>FINDINGS OF FACT</u>

On April 3, 2022, Plaintiff protectively filed an application for Supplemental Security Income (Tr. 20, 407-18). Plaintiff alleged that she became disabled on April 1, 2018, due to Post Traumatic Stress Disorder ("PTSD"), depression, anxiety, bipolar disorder, possible psychosis, and temporomandibular joint disorder ("TMJ") (Tr. 290, 300, 471). The application was denied initially on October 5, 2022, and upon reconsideration on November 16, 2022 (Tr. 20, 299, 309). On December 19, 2022, Plaintiff filed a written request for hearing (Tr. 20, 327-29).

Administrative Law Judge Stacey Foster ("ALJ") conducted a telephonic hearing on January 10, 2024 (Tr. 20, 274). Plaintiff and her counsel, Randall Head, participated (*Id.*). Jackie Rogers, an impartial vocational expert, testified during the hearing (*Id.*).

In a decision dated June 11, 2024, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 20-30 ). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 3, 2022, the application date (Tr. 22). At the second step, the ALJ determined that Plaintiff has the following severe impairments: fibromyalgia, mood disorder, anxiety disorder, post-traumatic stress disorder, and borderline personality disorder (*Id.*). At the third step, the ALJ concluded that

2

Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 23-24).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform less than a full range of light work because Plaintiff can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; she cannot climb ladders, ropes, or scaffolds; she must avoid concentrated exposure to hazards; she can understand, remember, and carry out simple instructions and processes with learning periods up to thirty days; she can maintain concentration, persistence, and pace for simple tasks requiring little or no independent judgment and minimal variation; she can have occasional interaction with supervisors and coworkers; she can have no interaction with the public; she can adapt to the pressures and changes of a routine work environment (Tr. 24). Additionally, the ALJ determined that Plaintiff has no past relevant work (Tr. 29).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 29-30).   The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (*Id.*).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 3, 2022, through the date of the decision (Tr. 30).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 405-06).   The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## III.    <u>CONCLUSIONS OF LAW</u>

### A.    <u>Standard of Review</u>

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton*

*v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B.    The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Supplemental Security Income to persons with disabilities. 42 U.S.C. 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

4

42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 416.920. In summary, the evaluation proceeds as follows:

1)     Is the claimant engaged in substantial gainful activity?

2)     Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)     Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)     Does the claimant have the RFC to return to his or her past relevant work?

5)     Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 416.920(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

C.     **Claims Raised**

1.     ***Appeals Council Errors***

Plaintiff challenges the Appeals Council's denial of her request for review and its findings concerning her newly submitted evidence (DN 15 PageID # 1560). In response, the Commissioner contends that the actions of the Appeals Council are not reviewable because they do not constitute a final reviewable decision under 42 U.S.C. § 405(g) (DN 21 PageID # 1911-12).

The Court agrees with the Commissioner. Judicial review of cases arising under the Social Security Act is governed by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. Three conditions must be satisfied to obtain judicial review under 42 U.S.C. § 405(g): (1) a final decision of the

Commissioner after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the secretary may permit; and (3) filing of the action in the appropriate district court.   20 C.F.R. §§ 422.210(a)-(c); *Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir. 1991); *Ahghazali v. Sec'y of Health & Human Servs.*, 867 F.2d 921, 924-926 (6th Cir. 1989).   Here, the Court must determine whether the Appeals Council's letter dated June 24, 2025 (Tr. 1-4), is a final decision of the Commissioner.

Here, the ALJ's decision (Tr. 20-30) became the "final decision of the Commissioner" when the Appeals Council denied Plaintiff's request for review.   42 U.S.C. §§ 405(g) and (h); 20 C.F.R. §§ 404.981, 422.210(a).   The Appeals Council's letter that notified Plaintiff of its action (Tr. 1-4), is not a "final decision of the Commissioner" within the meaning of 42 U.S.C. §§ 405(g) and (h).   *See Califano v. Sanders*, 430 U.S. 99, 108-09 (1977).   Consequently, the Court lacks jurisdiction to adjudicate Plaintiff's challenge to the Appeals Council's denial of her request for review and its findings concerning the new evidence that Plaintiff submitted in support thereof. Moreover, the Court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner.   *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 695-696 (6th Cir. 1993).   This makes sense because the Court's review in this case is limited to the ALJ's decision and the evidence in the record at the time the ALJ rendered the decision.   *Cotton*, 2 F.3d at 695-696.   The Court can, however, consider the new evidence for the limited purpose of addressing Plaintiff's motion for a pre-judgment remand under sentence six of 42 U.S.C. § 405(g).   *See Cline*, 96 F.3d at 148; *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 174-175 (6th Cir. 1994).

2.    *Sentence Six Remand*

Plaintiff contends the Court should grant a sentence six remand under 42 U.S.C. § 405(g) because new and material medical records (DN 7, 9, 15, 22).   She has identified hundreds of pages of medical records that the Court should consider in addressing this issue (Tr. 43-272; DN 7-1; DN 9-1; DN 18-1 through 18-5).   In response, the Commissioner asserts that Plaintiff has failed to demonstrate the evidence is new, material, and that she had good cause for failing to submit it to the ALJ (DN 21 PageID # 1910-11).   In reply, Plaintiff asserts that "any remand should be limited to calculation and payment of benefits only, as further administrative proceedings would serve no useful purpose" (DN 22).

When the Court issues a remand order under sentence six of 42 U.S.C. § 405(g), it does not address the correctness of the final decision of the Commissioner.   *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).   "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the new evidence might have changed the outcome of the prior proceeding."   *Id.*   As Plaintiff is seeking this type of remand, she has the burden of demonstrating that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"   42 U.S.C. § 405(g); *see also Cline*, 96 F.3d at 148; *Faucher*, 17 F.3d at 174-75.

The Supreme Court of the United States has explained that evidence is "new" only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *see Melkonyan*, 501 U.S. at 98.   Thus, in assessing whether the evidence is new, the issue is whether the medical records existed or were available to Plaintiff at the time of the administrative proceeding.

7

Evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Ferguson*, 628 F.3d at 276 (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)); *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Notably, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition. *Sizemore*, 865 F.2d at 712.

"Good cause" is demonstrated by showing "a reasonable justification for the *failure* to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (emphasis added). Clearly, this rule of law applies when the medical evidence is available at the time the ALJ conducts the administrative hearing.

Plaintiff has provided the following medical evidence that pre-dates the ALJ's decision dated June 11, 2024: Dr. Christopher Behringer's records dated May 9, 2022, May 16, 2022 and March 7, 2024 (Tr. 43-45, 50-51, 62); Dr. David Buchanan's dental record for October 5, 2021 and October 6, 2021 (Tr. 46); counselling records from ApenPoint dated May 23, 2018 (Tr. 47-49); Baptist Health Medical Group records dated May 5, 2022 (Tr. 53-55); UK HealthCare records dated June 9, 2022 to December 16, 2022 (Tr. 56-60, 119-24, 137-43); TriStar Greenview Regional Hospital records dated June 8, 2022 (Tr. 61); T.J. Health records dated January 11, 2024 to June 9, 2024 (Tr. 63-118, 125-36, 144-61); Graves Gilbert Clinic records dated August 4, 2021 to May 6, 2024 (Tr. 162-241, DN 18-4 PageID # 1763-90); Lighthouse Counseling records dated January 15, 2024 to May 30, 2024 (Tr. Tr. 232-64). This evidence is not new because it was both in existence and available to Plaintiff at the time of the administrative proceeding. *See Melkonyan*, 501 U.S. at 98. Additionally, this evidence is not "material" because Plaintiff's general assertions

8

fall woefully short of demonstrating there is a "reasonable probability" that the ALJ would have "reached a different disposition of the disability claim if presented with the new evidence." *Ferguson*, 628 F.3d at 276.   Further, a substantial portion of this medical evidence predates the January 10, 2024, hearing before the ALJ.   Yet Plaintiff has not attempted to satisfy the "good cause" requirement by showing a reasonable justification for her failure to acquire and provide that evidence for inclusion in the hearing before the ALJ.   *See Foster*, 279 F.3d at 357. Consequently, Plaintiff's request for a remand pursuant to sentence six of 42 U.S.C. § 405(g) is denied as to these medical records.

Plaintiff has also provided the following medical evidence that postdates the ALJ's decision dated June 11, 2024:   UK Health Care records dated June 16, 2024 through July 14, 2025 (DN 18-2 PageID # 1630-64, DN 18-3 PageID # 1665-1725); T.J. Health records dated March 7 through July 7, 2025 (DN 7-1 PageID # 20-25, DN 9-1 PageID # 33-40); T.J. Health records dated June 14, 2024 through July 7, 2025 (DN 18-4 PageID # 1794-1818, DN 18-5 PageID # 1819-50); Best Care Clinic, records dated April 19, 2025 through June 25, 2025 (DN 18-2 PageID # 1579-90); Lighthouse Counseling records dated June 24 through August 16, 2024 (Tr. 265-72); Lighthouse Counseling records dated October 2, 2024 through August 7, 2025 (DN 18-2 PageID # 1593-1626).   Unquestionably, these medical records are "new" evidence as they did not exist at the time of the administrative proceeding.   *See Melkonyan*, 501 U.S. at 98.   But most of these medical records are not considered material evidence because they merely depict an aggravation or deterioration in an existing condition after June 11, 2024.   *See Sizemore*, 865 F.2d at 712.   The rest concern a medical condition that arose after June 11, 2024.   Consequently, Plaintiff's request for a remand pursuant to sentence six of 42 U.S.C. § 405(g) is denied as to these medical records.

### 3.    *Sentence Four Remand*

Additionally, Plaintiff has requested the Court consider issuing a "**favorable on-the-record decision** pursuant to Sentence Four of 42 U.S.C. § 405(g)," as the new evidence she has provided along with the evidence in the record considered by the ALJ "fully" supports a finding of disability without the need for additional administrative proceedings (DN 18; *see also* DN 19, 22, 23).

Sentence four of 42 U.S.C. § 405(g) authorizes a post-judgment remand.    Under sentence four, the Court makes a final judgment (e.g., affirming, reversing, or modifying the final decision of the Commissioner) and remands the case to the Commissioner with instructions to consider additional evidence and/or conduct additional proceedings to remedy a defect in the original proceedings.    *Faucher*, 17 F.3d at 175.    As previously mentioned, this Court cannot consider Plaintiff's new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner.    *See Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 695-696.    Consequently, Plaintiff's request is denied.

### 4.    *Physical Impairments*

Plaintiff contends that "the ALJ disregarded objective evidence of Filshie clip migration, chronic pelvic pain, fibromyalgia, and ankylosing spondylitis, concluding these impairments imposed no more than minimal limitations" (DN 15 PageID # 1560) (citing Tr. 43-45, 303).    She claims the ALJ's "finding is contrary to the medical evidence and the requirement that the severity step be a de minimis hurdle" (*Id.*).    The Commissioner argues because the ALJ found other impairments are severe and considered the above-mentioned impairments in assessing Plaintiff's RFC, the error is harmless (DN 21 PageID # 1904-05) (citing *Maziaraz v. Sec'y of HHS*, 837 F.2d

240, 244 (6th Cir. 1987)).    In reply, Plaintiff asserts her impairments significantly limit her ability to perform basic work activities (DN 22).

At the second step in the sequential evaluation process Plaintiff must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ." 20 C.F.R. § 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).    To satisfy the "severe" requirement Plaintiff must demonstrate the impairment or combination of impairments "significantly limit" her physical or mental ability to do "basic work activities."    20 C.F.R. §§ 404.1522(a), 416.922(a).[3]    The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs."    20 C.F.R. §§ 404.1522(b), 416.922(b).    To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment.    20 C.F.R. § 416.921; Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017).    To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months."    20 C.F.R. § 416.909.

Notably, Plaintiff seeks to support her claim by relying on evidence she submitted to the Appeals Council in support of her request for review (*see* DN 15 PageID # 1560, citing Tr. 43-45).    As the Appeals Council considered the new evidence at Tr. 43-45, but declined review, this

---

3 "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability, regardless of age, education, and experience."  *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Farris v. Sec'y of Health & Hum. Servs.*, 773 F.2d 85, 90 (6th Cir. 1985)).

Court cannot consider the new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. *See Cline*, 96 F.3d at 148. Additionally, Plaintiff's citation to Tr. 303 is equally unavailing because the page sets forth step three findings concerning Plaintiff's mental impairments, made by a non-examining state agency psychological consultant at the reconsideration level (*see* Tr. 303). Furthermore, Plaintiff's claim fails to recognize that at step two the ALJ found her fibromyalgia is a severe impairment, which means this impairment imposed more than minimal limitations (Tr. 22). *See Higgs*, 880 F.2d at 862.

Additionally, in the context of assessing Plaintiff's physical RFC at step four, the ALJ made a thorough review of the medical evidence in the administrative record when making findings concerning the limitations imposed by Plaintiff's fibromyalgia, the displaced surgical clip (Filshie clip), chronic pelvic pain, and ankylosing spondylitis (Tr. 26-28). For these reasons, the ALJ's failure to find the above-mentioned impairments are severe within the meaning of the regulations could not constitute reversible error. *See Maziarz*, 837 F.2d at 244.

### 5.    *Mental Impairments*

Plaintiff points out that the "DDS evaluations identify three distinct severe mental disorders—Depressive/Bipolar, Anxiety/Obsessive Compulsive Disorder ("OCD"), and Personality Disorders" (DN 15 PageID # 1560) (citing Tr. 299, 303). Plaintiff accuses the ALJ of failing to assess the combined impact of these impairments as required by 20 C.F.R. § 404.1523 (*Id.*). The Commissioner interprets Plaintiff's argument as challenging the ALJ's mental RFC findings (DN 21 PageID # 1905-07). He points out that Plaintiff has not provided a specific argument why the ALJ's mental RFC findings are incorrect (DN 21 PageID # 1906). He also argues that the ALJ's statements are sufficient to conclude Plaintiff's claim is meritless (*Id.*) (citing

*Turner v. Comm'r of Soc. Sec.*, No. 20-6422, 2021 WL 6275633, at *4 (6th Cir. Sept. 24, 2021);

*Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020)).    Additionally, the

Commissioner contends that the Court should not reweigh the evidence and substitute its own

judgment for that of the Commissioner (*Id.* at PageID # 1907) (citing *Price v. Comm'r of Soc. Sec.*,

342 F. App'x 172, 174 (6th Cir. 2009)).

Although Plaintiff cites 20 C.F.R. § 404.1523 in her argument, 20 C.F.R. § 416.923

actually applies because she filed an application for supplemental security income.    Apparently,

Plaintiff is relying on subpart (c) to § 426.923.[4]   It reads as follows:

> Combined effect.   In determining whether your physical or mental impairment or
> impairments are of a sufficient medical severity that such impairment or
> impairments could be the basis of eligibility under the law, we will consider the
> combined effect of all of your impairments without regard to whether any such
> impairment, if considered separately, would be of sufficient severity.   If we do find
> a medically severe combination of impairments, we will consider the combined
> impact of the impairments throughout the disability determination process.   If we
> do not find that you have a medically severe combination of impairments, we will
> determine that you are not disabled (see §§ 416.920 and 416.924).

20 C.F.R. § 416.923(c).

At step two the ALJ found that Plaintiff has the following severe mental impairments:

mood disorder, anxiety disorder, PTSD, and borderline personality disorder (Tr. 22).   The ALJ's

findings are related to but distinguishable from what Plaintiff cites on the Disability Determination

Explanation forms and Disability Determination and Transmittal forms filed out by non-examining

state agency psychological consultant at the initial and reconsideration levels (*see* Tr. 292, 299,

---

4 Subpart (a) to § 416.923 indicates two or more unrelated severe impairments cannot be combined to satisfy the 12-month duration requirement.   And subpart (b) to § 416.923 specifies that if a claimant has "two or more concurrent impairments that, when considered in combination, are severe," the ALJ must determine whether the combined effect of the claimant's impairments can be expected to continue to be severe for 12 months.   Considering Plaintiff's argument, she is not referring to these subparts to § 416.923.

303, 309).   Specifically, these findings cited by Plaintiff address step three (*see* Tr. 299, 303). Referring to the listings set forth in 20 C.F.R. Part 40, Subpart P, Appendix 1, the state agency psychological consultants categorized Plaintiff's mood disorder as falling within listing 12.04 (depressive, bipolar and related disorders), her anxiety as falling within listing 12.06(anxiety and obsessive-compulsive disorders), and her borderline personality disorder as falling within listing 12.08 (personality and impulse-control disorders) (Tr. 292-94, 302-05).

When the ALJ made her step two findings she had the benefit of reviewing evidence received at the administrative hearing level that the state agency psychological consultants did not have the opportunity to consider (Tr. 28).   This explains why the ALJ's step two severity finding includes the PTSD mental impairment and why her step three analysis addresses listings 12.04, 12.06, 12.08, and 12.15 (trauma- and stressor-related disorders) (Tr. 22-24).

At step three, the ALJ found from her review of the evidence in the record that Plaintiff's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, 12.08, and 12.15 (DN 23-24).   In determining whether Plaintiff's mental conditions "significantly limit" her ability to do one or more basic work activities, the ALJ appropriately considered the degree of functional limitation in the four broad functional areas known as the "paragraph B" criteria (*Id.*).    20 C.F.R. § 416.920a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E.    The four broad areas of function are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."   20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).   They are evaluated on the following five-point rating scale: "None, mild, moderate, marked, and extreme."    20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).

14

The ALJ found that Plaintiff had a moderate limitation in all four broad areas of function (Tr. 22-23). By contrast, the non-examining state agency psychological consultants found Plaintiff has a mild limitation in the first and third broad areas of function and a moderate limitation in the second and fourth broad areas of function (Tr. 293, 303). Thus, at step three, the ALJ found greater limitations in two of the four broad areas of function (Tr. 22-23). The ALJ explained that more restrictive limitations were appropriate based on evidence received after the non-examining state agency psychological consultants reviewed the record and made their findings (Tr. 28). Equally important, contrary to Plaintiff's assertion, the ALJ expressly indicated she did consider Plaintiff's mental impairments both singly and in combination when making the determination at step three (Tr. 22-23). Further, the ALJ's findings are supported by substantial evidence in the record.

At step four, after providing a thorough summary of the evidence in the record concerning Plaintiff's mental impairments, the ALJ focused on the mental RFC findings made by the non-examining state agency psychological consultants (Tr. 27-28). The ALJ commented as follows:

> At both the initial determination and reconsideration the consultants found the claimant can follow simple and more detailed instructions, can attend for extended periods, can sustain an ordinary routine, and make simple work decisions, can follow a work schedule, and can engage in a workday/week with customary breaks in the work schedule. Again, this is not poorly supported. The consultants performed a thorough review of the claimant's mental health history and noted the limited treatment and unremarkable mental status examinations. In light of the claimant's ongoing reports of anxiety to her care providers with some notes of presentation of anxiety, I have concluded the above more restrictive residual functional capacity is more consistent with these reported symptoms giving maximum deference to the claimant's self-reports when balanced against the limited mental health treatment and mostly unremarkable mental status examinations.

15

(Tr. 28).   Next, the ALJ considered the opinion of the consultative psychological examiner, Ollie

C. Dennis, Ed. D. (*Id.*).   The ALJ's decision reads:

> He opined that the claimant "probably can understand and remember one and two
> stage instructions with mild difficulty.   Her capacity to sustain attention to
> complete tasks is mildly limited.   Social interaction was generally mildly to
> moderately limited.   Her overall capacity to adapt to pressures of normal daily
> work activity is probably mildly to moderately limited at this time."   This is
> persuasive.   First, the opinion is well supported.   The examiner noted the claimant
> appeared to put forth poor effort and cooperation.   He noted specific examples of
> this such as merely declining to count backwards from twenty to zero once halfway
> done and not attempting serial threes.   She declined to answer the sum of three
> plus four.   He also notes the claimant appeared appropriately groomed and dressed
> and communicated without difficulty.   These opinions are also consistent with the
> consistently unremarkable mental status examinations and limited mental health
> treatment history as laid out in detail above.

(*Id.*).

Moreover, the ALJ considered the treating source statement of Clarence Chapman, LPCC-

S, who opined that Plaintiff would be off task fifteen percent of a day and absent ten to twelve

days per month (Tr. 29).   The ALJ found the opinion "very unpersuasive" because there was "very

little in the way of explanatory support" other than "some cursory references to anxiety and

stomach pain" (*Id.*).   Additionally, the ALJ noted there was no support for the opinion in Mr.

Chapman's treatment notes that repeatedly document unremarkable mental status examinations

(*Id.*).   Finally, the ALJ pointed out that the opinion was inconsistent with Plaintiff's unremarkable

mental status examinations and limited mental health treatment history discussed earlier in the

decision (*Id.*).

The ALJ's findings at step four are supported by substantial evidence in the record.   They

comport with 20 C.F.R. § 416.923(c) because they addressed the combined impact of Plaintiff's

mental impairments.   Further, the ALJ's persuasiveness findings comport with applicable law

because she explained how she considered the supportability and consistency factors in determining the persuasiveness of each medical source's opinion.    20 C.F.R. § 416.920c(b)(2).

### 6.    *Challenges to Step Five Findings*

Plaintiff cannot understand how the ALJ could find her fibromyalgia, mood disorder, anxiety disorder, post-traumatic stress disorder, and borderline personality disorder are severe impairments, and yet conclude at step five that she can perform jobs that exist in significant numbers in the national economy despite having no past relevant work and a limited education (DN 15 PageID # 1560; DN 22).    Plaintiff also argues the ALJ's step five determination relies on outdated and unreliable vocational expert testimony (*Id.*).

Clearly, Plaintiff has confused the ALJ's step two severity findings with her step five disability findings.    The purpose of the step two assessment is to determine whether a claimant has at least one severe medically determinable physical or mental impairment that satisfies the duration requirement.    20 C.F.R. § 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). If an impairment only minimally affects a claimant's physical or mental ability to do "basic work activities" it is considered a non-severe impairment.    20 C.F.R. § 416.922(a); *Higgs*, 880 F.2d at 862 (citing *Farris v. Sec'y of Health & Hum. Servs.*, 773 F.2d 85, 90 (6th Cir. 1985)).    Thus, the assessment at step two filters out disability claims that are totally groundless from a medical standpoint.    *See Higgs*, 880 F.2d at 863.

Here, the ALJ found that Plaintiff has a severe physical impairment—fibromyalgia—and five severe mental impairments—mood disorder, anxiety disorder, post-traumatic stress disorder, and borderline personality disorder (Tr. 22).    Consequently, the ALJ moved on to the remaining

steps in the disability evaluation process.    *See Maziarz*, 837 F.2d at 244.

The purpose of step three is to determine whether the medical severity of a claimant's physical or mental impairment(s) meets or equals one of the listings in Appendix 1 to Subpart P of Part 404.    20 C.F.R. § 404.1520(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010).    If the answer is in the affirmative, the claimant is found disabled.    20 C.F.R. § 404.1520(a)(4)(iii).    Here, the ALJ found Plaintiff did not meet or equal one of the listings in Appendix 1 (Tr. 23-24).    As a result, the ALJ moved on to step four.

At step four, an assessment of a claimant's RFC is performed.    20 C.F.R. § 404.1520(a)(4)(iv).    The RFC is a determination of what a claimant can still do despite her physical and mental limitations.    20 C.F.R. §§ 416.945(a), 416.946(c).    The determination is based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record.    20 C.F.R. §§ 416.929, 416.945(a)(3), 416.946(c).    Thus, in making RFC determinations Administrative Law Judges must evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record, as well as assess the claimant's subjective allegations.    20 C.F.R. §§ 416.1520c, 416.1529(a).    As explained in previous section, the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence in the record and comports with applicable law.

At step four, Administrative Law Judges also make a finding concerning a claimant's ability to return to past relevant work.    20 C.F.R. § 404.1520(a)(4)(iv) and (f).    Here, the ALJ found Plaintiff has no past relevant work (Tr. 29).    Thus, it was appropriate for the ALJ to proceed to step five in the sequential evaluation process.

At the fifth step, the Commissioner has the burden to demonstrate a significant number of jobs exist in the national economy that a claimant can perform, given her RFC, age, education, and past work experience. 20 C.F.R. §§ 416.920(a)(4)(v) and (g), 416.966(a); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 684 (6th Cir. 1992); *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). As Plaintiff's RFC did not coincide with the criteria of a particular Grid Rule, the regulations limited the ALJ's use of the Grid Rule to a framework in the decision-making process and she relied on the testimony of the vocational expert to make the disability determination (Tr. 29-30). *See* 20 C.F.R. § 416.966(e); *Born*, 923 F.2d at 1174; *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *Kirk v. Sec'y of Health & Hum. Servs.*, 667 F.2d 524, 531, 535 (6th Cir. 1981).

A vocational expert's testimony can constitute substantial evidence to support a finding that a claimant is capable of performing a significant number of jobs existing in the national economy, *Bradford v. Sec'y, Dep't. of Health & Hum. Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam), provided the vocational expert's testimony is based on a hypothetical question that accurately portrays the claimant's physical and mental impairments. *Varley*, 820 F.2d at 779.

Here, substantial evidence supports the factual underpinnings of the ALJ's hypothetical questions posed to the vocational expert (Tr. 283-86). The vocational expert identified a significant number of jobs that plaintiff could perform, which is the legal standard that the Commissioner must meet (*Id*). *See e.g., McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000, 1002 (6th Cir. 1988) (4,000 to 5,000 jobs in Michigan); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988) (1,350 to 1,800 jobs in the nine-county area of Dayton, Ohio); *Barker v. Sec'y of Health & Hum. Servs.*, 882 F.2d 1474, 1479-80 (9th Cir. 1989) (citing *Hall*, 837 F.2d at 275)

19

(1,255 jobs in Los Angeles/Orange County); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (citing *Hall*, 837 F.2d at 275) (500 jobs in St. Louis area); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (174 jobs locally, 1,600 jobs in Georgia, and 80,000 nationally). Consequently, because the vocational expert was able to identify a significant number of jobs which Plaintiff could perform, the Commissioner met her burden (Tr. 29-30).  *See Blacha v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987).

Moving to Plaintiff's second claim.   She argues the ALJ's step five determination is based on vocational expert testimony that is outdate and unreliable (DN 15 PageID # 1560).   The pertinent part of the hearing transcript reads:

Q      How current is your experience counseling and placing persons with disabilities in competitive employment?

A      I have over 30 years of experience and training in that area.  My last training was -- or my last experience was in supervising students that were becoming rehabilitation counselors as an associate professor at the University of Kentucky.   Actually placing people into employment is similar to being a legal aid for a law firm.   That is something that is done by usually people at the beginning of their career and not at the end of their career.   I train people on how to do that at this point.

Q      When was the last time you counseled and placed a person with disability in competitive employment?

A      Probably about five or six years ago.

Q      Five or six years.

A      Correct.

ATTY:   Okay.   As far as the requirements of work, we have no objection to the testimony, JUDGE.   We may raise an objection in a post-hearing brief.

ALJ:   All right.

(Tr. 282-83).   Notably, Plaintiff's counsel did not revisit the issue of the vocational expert's

20

experience on cross-examination (Tr. 286-88), nor did he make an objection in a post-hearing brief.   Considering the vocational expert's testimony, the ALJ reasonably relied on her testimony to support her step five conclusions (Tr. 29-30).

## IV.    CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up).   Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.   *Id.*   After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to her challenge.

## V.    ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motions to remand under sentence six (DN 7, 9), motions to expedite (DN 16, 17, 19), and his requests for an on-the-record decision pursuant to sentence four (DN 18, 19, 22, 23) are **DENIED**, and the final decision of the Commissioner is **AFFIRMED**.

February 10, 2026

H. Brent Brennenstuhl
**United States Magistrate Judge**

Copies:       Amy S., *pro se*
              Counsel

21